IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1, <br><br> *Plaintiff*, <br><br> vs. <br><br> NANCY WELCH A/K/A NANCY LOYD AND LARRY LOYD, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § | 5-19-CV-590-FB-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion for Default Judgment filed by Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1. *See* Dkt. No. 19. Deutsche Bank seeks a default judgment against Defendants Nancy Welch and Larry Loyd. This case has been referred pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1 to Appendix C of the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 15. The Court has diversity jurisdiction over Deutsche Bank's claim for foreclosure. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that the Motion for Default Judgment, Dkt. No. 19, be **GRANTED**.

1

**Factual and Procedural Background**

According to the Complaint, on or about September 14, 2006, Nancy Welch and Larry Loyd executed a promissory note for $115,000.00 in favor of lender Dallas Home Loans, Inc. *See* Compl. ¶ 13. Welch and Loyd also executed a Loan Agreement and Security Instrument, granting Dallas Home Loans as well as its successors and assigns a security interest in property located on West Hermosa Drive in San Antonio, Texas. *See id.* ¶ 14. Welch and Loyd failed to make payments under the Loan Agreement. *See id.* ¶ 16. On January 16, 2019, the loan servicer mailed them a notice of default and request to cure. *See id.* Welch and Loyd, according to the Complaint, didn't cure the default and so, on March 22, 2019, they were notified that the debt had been accelerated. *See id.*

On May 31, 2019, Deutsche Bank, the current holder of the note and beneficiary of the Security Instrument, initiated this action to obtain either a judgment authorizing foreclosure via the power-of-sale provision in the Security Instrument and § 51.002 Texas Property Code or, in the alternative, an order of judicial foreclosure. Welch and Loyd didn't answer or file any other responsive pleading within the time required, and they still haven't filed a responsive pleading as of the date of this Order. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, on January 22, 2020, Deutsche Bank moved for entry of default and then default judgment. *See* Dkt. Nos. 18 & 19. The Clerk subsequently entered default against Welch and Loyd. *See* Dkt. No. 20.

**Analysis**

A.   *Default.* The record reflects that Deutsche Bank personally served a copy of the Summons and Complaint on Welch and Loyd on June 27, 2019. *See* Dkt. Nos. 7 & 8. Welch and Loyd failed to answer or otherwise defend against Deutsche Bank's claim, as demonstrated by Deutsche Bank's motion for entry of default. *See* Dkt. No. 15. Included with Deutsche Bank's motion for entry of default is an affidavit from its counsel explaining that neither Welch nor

Loyd are in the military service in accordance with the Service Members Civil Relief Act, 50 U.S.C. § 3931(b)(1)(A). The rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Clerk properly entered default here.

      B.      *Default Judgment.* Once a default has been entered and upon a party's motion, a court may enter a default judgment. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "[A] party," however, "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks omitted). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). When considering whether such a basis is presented, a court accepts as true the complaint's well-pleaded factual allegations—except regarding damages—and must determine whether those pleaded facts state a claim upon which relief may be granted. *See id.*; *see also United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

      Deutsche Bank is entitled to a default judgment because the facts alleged in the Complaint state a claim upon which relief may be granted. Specifically, Deutsche Bank alleges (or has attached loan documents demonstrating) that: (1) it is the current mortgagee of the property; (2) Welch and Loyd owe a debt and the debt is secured by a home-equity lien permitted by Article XVI, § 50(a)(6) of the Texas Constitution; (3) Welch and Loyd are in default under the note and Security Instrument; and (4) Welch and Loyd were properly served with notice of the default and acceleration, and they were provided an opportunity to cure the default in accordance with Section 51.002(d) of the Texas Property Code. *See Huston v. U.S.*

*Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014) (citing Tex. Prop. Code § 51.002). A default judgment is therefore appropriate, and Deutsche Bank should be permitted enforce its lien against the property through nonjudicial foreclosure of the property via trustee's sale at public auction, as provided in the Security Instrument and Texas Property Code § 51.002. *See Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) ("Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default.").

Deutsche Bank also requests a judgment declaring that the following are secured by the Security Instrument on the property: (a) the outstanding balance of the note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees. But the relief available on default judgment is limited to the relief requested in a plaintiff's complaint, *see* Fed. R. Civ. P. 54(c), and nowhere in its live Complaint does Deutsche Bank seek such a declaration. Deutsche Bank, however, should be awarded its costs—provided it timely files a bill of costs using the form required by the Clerk of the Court and supported by appropriate documentation. It may also request reasonable attorney's fees in compliance with Federal Rule of Civil Procedure 54(d)(2). Any such fees and costs, however, may only be recovered against the property after a foreclosure sale. *See Huston*, 988 F. Supp. 2d at 741.

## Conclusion

For these reasons, Plaintiff's Motion for Default Judgment, Dkt. No. 19, should be **GRANTED** and Deutsche Bank should be authorized to enforce the power of sale in the Security Instrument through foreclosure of the property pursuant to Section 51.002 of the Texas Property Code. All other relief requested not specified herein should be denied.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 30th day of July, 2020.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE